IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                             **Case No. 08-40039-01-RDR**

ANTHONY JOHN WILSON,

        Defendant.

**MEMORANDUM AND ORDER**

On May 14, 2009, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant, pursuant to a plea agreement, entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) on January 15, 2009. Following the preparation of the presentence report (PSR), the defendant raised one objection. In a recently filed sentencing memorandum and during the sentencing hearing, the defendant sought a downward variance.

In calculating a guidelines sentence, the PSR utilized a base offense level of 20 under the applicable guideline provision, § 2K2.1. See U.S.S.G. § 2K2.1(a)(4)(A). The PSR then applied a two-level enhancement because the offense involved a stolen firearm. See U.S.S.G. § 2K2.1(b)(4)(A). The PSR applied another two-level enhancement because three to seven guns were involved. See U.S.S.G. 2K2.1(b)(1)(A). The PSR also applied a four-level

enhancement for use or possession of the firearm in connection with another felony offense, asserting that the guns were obtained by burglaries.  See U.S.S.G. § 2K2.1(b)(6).  After a three-level reduction for acceptance of responsibility, the PSR provided a total offense level of 25 and a criminal history category of V, which resulted in a guideline range of imprisonment of 100 to 120 months.

**OBJECTION**

The defendant objects to the four-level enhancement of his offense level due to the application of U.S.S.G. § 2K2.1(b)(6).  The defendant contends that the guns were not obtained through burglaries and thus the enhancement of § 2K2.1(b)(6) does not apply.  Pursuant to the plea agreement, the government had agreed to stand mute at sentencing concerning this matter.

During the sentencing hearing, the defendant presented the testimony of Cheryl Wilson, the defendant's mother.  She testified that the defendant had permission to be in the homes where the burglaries occurred.  She said the defendant always had access to these homes.

Section 2K2.1(b)(6) provides for a four-level increase in offense levels "if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed . . . any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with

another felony offense." U.S.S.G. § 2K2.1(b)(6). Application Note 14 to § 2K2.1 defines the phrase "in connection with" as it is used in subsection (b)(6) and (c)(1). It states in pertinent part:

> (A) In General. Subsections (b)(6) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.
> (B) Application When Other Offense is Burglary or Drug Offense. Subsections (b)(6) and (c)(1) apply (i) in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary. . . . In these cases, application of subsections (b)(6) and (c)(1) is warranted because the presence of the firearm has the potential of facilitating another felony offense or another offense, respectively.
> (C) Definitions. "Another felony offense," for purposes of subsection (b)(6), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

The Tenth Circuit has determined that the four-level enhancement of § 2K2.1(b)(6) applies where a defendant is convicted as a felon in possession of a firearm and the firearm was obtained through a burglary. United States v. Morris, 562 F.3d 1131 (10th Cir. 2009).

Having carefully reviewed the evidence presented during the hearing, the court must determine that the guns involved in this case were not taken during a burglary. The testimony of Ms. Wilson was unrefuted that the defendant had access at all times to the properties where the guns were stolen. The various police reports that were taken following the thefts of these firearms fail to

3

counter the testimony offered at the hearing. Accordingly, the court shall grant the defendant's objection and sentence without the four-level enhancement of U.S.S.G. § 2K2.1(b)(6). With this determination, the defendant's offense level is 21 and his guideline range is 70 to 87 months.

**VARIANCE**

The defendant sought a variance based upon a number of factors, including the following: he sold the firearms to support his drug habit and he is now no longer using drugs; he recognizes the seriousness of his crimes and the need to discontinue criminal conduct in order to have contact with his children; he had an abusive childhood that led to a major depressive disorder; he wants to be part of his children's lives; he has support from his family; and he notes that his co-defendant received a light sentence.

In determining the sentence to be imposed, the court carefully consulted the application of the guidelines and took them into account. The court decided that the appropriate sentence for this case is 60 months. The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances

of the offense and the history and characteristics of the defendant.  Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct.

In reaching this sentence, the court has specifically considered the fact that the defendant has made efforts to remain clean and off drugs.  The court is further aware of the defendant's childhood problems which may have led him to the path he has taken.  The court is further aware that the defendant has the support of his family and a desire to be part of his children's lives.  Based upon these factors, the court believes that a downward variance is proper and a sentence of 60 months is appropriate.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2009 at Topeka, Kansas.

```
                              s/Richard D. Rogers
                              United States District Judge
```